UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 10-MJ-389 (SRN)

In the Matter of Search Warrant
For 2911 Park Avenue, Minneapolis, MN 55407
Issued September 23, 2010

In the Matter of Search Warrant
For 1823 Riverside Avenue, #2
Minneapolis, MN  55454
Issued September 23, 2010

# MOTION TO UNSEAL SEARCH WARRANT APPLICATIONS AND SUPPORTING AFFIDAVITS

Petitioners Jessica R. Sundin and Michael Kelly, by and through counsel Bruce D. Nestor of De León & Nestor, LLC, and pursuant to Rule 41 of the Federal Rules of Criminal Procedure, hereby state as follows in support of their Motion to Unseal Search Warrant Applications and Supporting Affidavits:

1. This motion is made pursuant to the Petitioners rights under the First, Fourth and Fifth Amendments to the Constitution of the United States and Rule 41 of the Federal Rules of Criminal Procedure.

2. On September 23, 2010, the Honorable Susan R. Nelson, United States District Court Magistrate Judge, signed a Search and Seizure Warrant authorizing the search of the premises at 2911 Park Avenue, Minneapolis, MN  55407, and of the premises at 1823 Riverside Avenue, #2, Minneapolis, MN  55454.

3. The Search and Seizure Warrant authorized the search of the premises and the seizure of a wide range of property, including documents, files, books, photographs, videos, souvenirs, notebooks, address books, diaries, journals, and maps, among other items.

4. On September 24, 2010, law enforcement agents executed the Search and Seizure Warrant, and seized a wide range of property, including documents, files, books, photographs, videos, souvenirs, notebooks, address books, diaries, journals, cameras, phones, and computers, among other items.

5. Upon information and belief, the search warrant applications and supporting affidavits were sealed upon request of the United States of America. The sealing order provided that the sealed materials would remain sealed until further order of the court.

6. Upon information and belief, to date, no indictments or criminal charges have issued related to evidence seized during the execution of the above warrants.

7. As of November 3, 2011, the United States represents that it has returned all property seized pursuant to the above warrants.

8. By letter dated December 23, 2011, directed to Assistant United States Attorney Andrew Winter, undersigned counsel requested that copies of the warrant applications and supporting affidavits be provided to counsel. The United States has declined to provide such copies.

9. Petitioners assert that the sealing of warrant applications and supporting affidavits for an indefinite period of time, until further order of the court and without a

requirement that the United States demonstrate good cause for continued sealing, is improper in light of the common law "right to inspect and copy public records and documents, including judicial records and documents," <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978).

10. Petitioners Jessica Sundin and Michael Kelly, as residents of the property raided and owners of property seized, also have "…a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued." <u>In the Matter of the Search of Up North Plastics</u>, 940 F.Supp.229, 232 (D.Minn. 1996). Failure to provide such access deprives the Petitioners of their right under Rule 41 of the Federal Rules of Civil Procedure to challenge the search. *Id* at 233.

11. The continued sealing of the secret warrant applications and affidavits, coupled with the high profile raids upon the homes of Jessica Sundin and Michael Kelly, also cast undue suspicion upon Petitioners and have a chilling effect upon their exercise of their rights under the First Amendment.

12. Petitioners assert that good cause to seal the warrant applications and supporting affidavits, almost three years after the warrants were executed, does not exist. The United States should be required to establish a compelling governmental interest requiring that these warrant materials be kept under seal and that no less restrictive alternative exists to the complete denial of access to the sealed materials by Petitioners. <u>In Re Search Warrant for Office of Gunn</u>, 855 F.2d, 569 574 (8th. Cir. 1988)(burden is on the United States to overcome the right of access to court

materials by demonstrating a compelling need to seal materials and that no less restrictive alternative exists).

WHEREFORE, Petitioners request that this matter be set on for hearing before the Court, and upon hearing, that the Court issue an Order directing that the search warrant applications and affidavits in the above matter be unsealed.

Date:  9/11/2013                                         S/BRUCE D. NESTOR
                                                 Bruce D. Nestor, 0318024 – MN
                                                 DE LEÓN & NESTOR, LLC
                                                 3547 Cedar Avenue South
                                                 Minneapolis, MN  55407
                                                 (612) 659-9019
                                                 (612) 436-3664 – Facsimile
                                                 nestor@denestlaw.com