UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 10-MJ-389 (SRN)

In the Matter of Search Warrant
For 2911 Park Avenue, Minneapolis, MN 55407
Issued September 23, 2010

In the Matter of Search Warrant
For 1823 Riverside Avenue, #2
Minneapolis, MN  55454
Issued September 23, 2010

**POST-HEARING MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL**

Petitioners Jessica R. Sundin and Michael Kelly, by and through counsel Bruce D. Nestor of De León & Nestor, LLC, submit this Post-Hearing Memorandum in Support of Motion to Unseal.

Judicial Obligation to Supervise Court Records

Jessica R. Sundin and Michael Kelly, as set out below, contend that they have both a personal interest in ending the government's effort to maintain the secrecy of the warrant applications in this matter, and that they act as representatives of the general public interest in seeking to unseal the warrant applications. However, regardless of whether a current dispute exists between the government and petitioners, this court has a separate and independent obligation to supervise public access to court records and to recognize the presumption in favor of public access to court records. This obligation arises from the court's supervisory power over court records and the presumption in favor

of the general public's "right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, 435 U.S. 589, 597 (1978).

In light of the court's supervisory power over its own records and the existence of a general right to inspect and copy public records, it is appropriate for this court to independently review the record at this time and determine if continued sealing is appropriate. First, on information and belief, the initial sealing decision made on September 23, 2010, did not contain any findings of fact that sealing for a period in excess of three years was necessary to "protect a compelling government interest." See, In Re Gunn, 855 F.2d 569, 575 (8th Cir. 1988)(requiring showing of compelling government interest to support sealing of search warrant documents). Second, it is reasonable to presume that the passage of time would diminish the government showing of a compelling interest in sealing the warrant applications that existed on September 23, 2010. See, e.g., Rosenblatt v. Northwest Airlines, 54 F.R.D. 21 (S.D.N.Y. 1971)(need for court order to protect confidentiality of discovery documents is diminished by passage of time); United States v. IBM, 67 F.R.D. 40 (S.D.N.Y. 1975)(same). Third, as argued at the hearing in this matter, the public disclosures since September 23, 2010, about the nature of the government's investigative techniques and investigation, also support this court *sua sponte* conducting a review of whether a continuing compelling government interest supports maintaining the sealing order in this matter.

In a free society, the government's internal security forces should not be able to raid the homes of political dissidents and then rely upon the judicial system to indefinitely shield the government from the public having knowledge of the basis and nature of the government's investigation. "[P]ublic access to documents filed in support of search warrants is important to the public's understanding of the function and operation of the judicial process and the criminal justice system and may operate as a curb on prosecutorial or judicial misconduct." Gunn, 855 F.2d at 573. Accordingly, pursuant to its inherent supervisory authority over its own records, this court should make independent and current findings as to whether a compelling government interest exists which justifies continued sealing of the warrant materials in this file.

<u>First Amendment Rights at Issue</u>

<u>In Re Gunn</u>, 855 F.2d 569, 573 (8th Cir. 1988), recognizes a "first amendment right of public access… extend[ing] to the documents filed in support of search warrant applications." This right extends both to the public at large and to journalists or media organizations which seek access for purposes of covering pre-trial proceedings and reporting on matters of public interest. In the instant matter, Michael Kelly as an editor and reporter for Fight Back News asserts an individual first amendment right to have access to the sealed search warrant materials. (Affidavit of Michael Kelly, ¶2). An assertion of such a right of access to court records is clearly a "case or controversy" that has been previously litigated in numerous cases. <u>See, e.g.</u>, <u>Nixon v. Warner Communications</u>, 435 U.S. 589 (1978); <u>United States v. Martin</u>, 746 F.2d 964 (3rd Cir.

1984); In Re Knight Publishing, 743 F.2d 231 (4th Cir. 1984); In Re Gunn, 855 F.2d 569 (8th Cir. 1988).

Both petitioners also assert need to obtain access to the sealed search warrant records to vindicate their rights of association under the first amendment, both individually and on behalf of associations and organizations engaged in protected activity under the first amendment. In particular, the petitioners assert that the government has seized – and still retains copies of – lists of members, financial contributors, and issue based petitions signed by supporters, of various organizations including the Anti-War Committee and Fight Back News. (Kelly Affidavit, ¶3; Sundin Affidavit, ¶2). The seizure and retention of such lists by the government clearly raises first amendment concerns that petitioners are entitled to assert on behalf of the members and supporters of the various organizations affected by the government seizure. See, NAACP v. Ala. Ex rel. Patterson, 357 U.S. 449 (1958)(upholding assertion of immunity from state scrutiny of membership lists absent a showing of a compelling government interest that outweighed the deterrent effect upon the freedom to associate which could be caused by compelled disclosure of such lists). Petitioners, and the associations and organizations which they represent, do not wish to have the names of their members, contributors, and supporters, retained indefinitely in the files of the Federal Bureau of Investigation ("FBI"). Certainly, a claim that the lists were seized pursuant to a warrant issued without probable cause, or obtained as a result of deliberate misrepresentations, or that the lists seized were beyond the proper scope of the warrant, would be relevant to any claim to have the lists returned and to have

4

any copies of such lists retained by the FBI be destroyed. In order to vindicate their associational rights under the first amendment, therefore, Petitioners have an interest in obtaining and reviewing the sealed warrant applications in this file.

Petitioner Sundin also contends that the continuing secrecy about the basis and nature of the government's investigation of her political activities has interfered with her rights to travel and of association under the first amendment. Although the United States has a substantial right to restrict international travel, it may not due so without due process. <u>Kent v. Dulles</u>, 357 U.S. 116 (1958). Sundin contends that the continued sealing of the warrant applications and supporting materials places her in the shadow of a secret investigation, making her a perpetual person of suspicion unless and until she can expose the basis for the government investigation and seek to counter it in the light of day. As such, any travel she has or persons she contacts abroad, may also be subject to suspicion or potential harm. She seeks to discover and respond to the government's allegations in order to dispel this unjustified suspicion and be able to again engage in the full exercise of her rights under the first amendment.

<u>Fourth and Fifth Amendment Rights At Issue</u>

Petitioners assert that they have suffered harm as a result of being subjected to an unreasonable search and seizure in violation of the fourth amendment. Although their physical property has been returned to them, the FBI continues to retain copies of their personal journals, diaries, lists of friends and professional contacts, political literature, and lists of members, contributors and supporters of various organizations to which

petitioners belong. Petitioners contend that they have a property interest in this information which is retained by the FBI and that they should be able to seek return of such property pursuant to a motion under Rule 41(g) of the Federal Rules of Criminal Procedure. See, United States v. Wallace & Tiernan Co., 336 U.S. 793 (1949)(ordering return of copied documents produced in response to a grand jury subpoena duces tecum when the grand jury was found to have been an illegally constituted body); Goodman v. United States, 369 F.2d 166 (9th Cir. 1966)(ordering return of both original documents and copies of documents seized in violation of document owners' fourth amendment rights).

    Rule 41(g) of the Federal Rules of Criminal Procedure explicitly provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." This right is distinct and separate from the Rules relating to the right to file a Motion to Suppress, which are set forth in Rule 12 and Rule 41(h). Nothing in Rule 41(g) requires that a person "aggrieved by an unlawful search" or "by the deprivation of property" wait until an indictment is issued or for an indefinite period of time until the search warrant application is eventually unsealed. A person whose property is seized pursuant to a warrant cannot decide whether to make a motion under Rule 41 unless they know the basis upon which the search warrant was issued. "To permit an affidavit or any documents in support of a search warrant to remain sealed against examination by the person whose property was searched deprives him of

the right secured by Rule 41 to challenge that search." <u>In the Matter of Search of Up North Plastics</u>, 940 F.Supp. 229, 233 (D.Minn. 1996).

Each of these Petitioners had substantial property seized by the United States, including personal property seemingly unconnected to any legitimate investigation. Upon information and belief, Petitioners allege that the searches carried out by the United States went beyond the scope of the warrant and the supporting affidavits, that the warrants were issued without a proper showing of probable cause, and that the warrant applications contained deliberate and material false statements. Denying Petitioners access to the warrant applications and supporting materials for an indefinite period of time, would prevent the Petitioners from bringing an informed Rule 41(g) motion, resulting in the lengthy deprivation of property without any avenue to seek return of that property. Such a procedure would eviscerate the right to bring a meaningful action to seek the return of their property, such that continued sealing under these circumstances would violate the due process clause of the Fifth Amendment. <u>See</u>, <u>Matter of Wag-Aero, Inc.</u>, 796 F.Supp. 394 (E.D.WI 1992)(non-disclosure of search warrant application in absence of showing of harm to governmental interest violates due process rights of party whose property was seized pursuant to a warrant by denying meaningful opportunity to seek return of property).

Petitioners also contend that they have a property interest in bringing a claim for violation of their fourth amendment rights, pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971). <u>See</u>, <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422

(1982)(recognizing employee's property interest in a cause of action under state law as a property interest protected by due process clause of the Fourteenth Amendment). This claim may still be brought under the six year statute of limitations applicable to such claims in Minnesota. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985); Minn. Stat. §541.05, Subd.1(10). Unsealing and review of the search warrant application and supporting documents is necessary for Petitioner to bring a meaningful <u>Bivens</u> action. Continued sealing of the search warrant materials absent a showing of harm to a governmental interest violates the due process rights of the Petitioner's to bring a <u>Bivens</u> action.

<u>Conclusion</u>

Petitioners respectfully request that this Court grant the Motion to Unseal and find that the interests of the public in access to court records, and the specific common law and constitutional rights of the Petitioners in obtaining access to the search warrant materials, outweigh any governmental interest in maintaining the secrecy of the search warrant materials at this time.

Date:  01/14/2014                                S/BRUCE D. NESTOR
                                        Bruce D. Nestor, 0318024 – MN
                                        DE LEÓN & NESTOR, LLC
                                        3547 Cedar Avenue South
                                        Minneapolis, MN  55407
                                        (612) 659-9019
                                        (612) 436-3664 – Facsimile
                                        nestor@denestlaw.com