UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Search Warrant,

    Defendant.

10-mj-389 (SER)

**ORDER**

---

    Bruce D. Nestor, Esq., De Leon & Nestor, LLC, 3547 Cedar Avenue South, Minneapolis, Minnesota 55407, for Petitioners Jessica R. Sundin and Michael Kelly.

    Andrew R. Winter, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for the United States of America.

    John P. Borger and Mary Andreleita Walker, Esqs., Faegre Baker Daniels LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402, for Movant Star Tribune Media Company LLC.

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case comes before the undersigned on Petitioners Jessica R. Sundin ("Sundin") and Michael Kelly's ("Kelly") Motion to Unseal Case ("Mot. to Unseal") [Doc. No. 28]; the Star Tribune Media Company LLC's ("Star Tribune") Motion for Access to Court Records ("Mot. for Access") [Doc. No. 39], the United States of America's (the "Government") Motion for Limited Unsealing of Search Warrants ("Mot. for Limited Unsealing") [Doc. No. 42], and the Government's Motion to Seal Documents ("Mot. to Seal") [Doc. No. 43]. This matter has been referred for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and District of Minnesota Local Rule 72.1.

    In their Motion to Unseal, Sundin and Kelly seek "an Order directing that the search warrant applications and affidavits . . . be unsealed." (Mot. to Unseal at 4). The Court held

argument on the Motion to Unseal on November 1, 2013. (Minute Entry Dated Nov. 1, 2013) [Doc. No. 33]. After the hearing, the Court ordered the following:

1. The sealing orders currently in place in this matter are to remain in place until the Court issues a written opinion on the Motion to Unseal [Doc. No. 28];

2. The Motion to Unseal [Doc. No. 28] is taken under advisement by the Court;

3. The United States must submit to the Court, for *in camera* review, within 120 days of this Order:
   a. Documents establishing that the investigation in this matter is ongoing, and
   b. Documents explaining what has been happening in the investigation since September 23, 2010, when the Search Warrants at issue were granted;

4. Petitioners Jessica Sundin and Michael Kelly are to file, within sixty (60) days of this Order submission(s) addressing:
   a. Any further public documents they believe to be relevant in light of the hearing,
   b. An explanation of the First, Fourth, and Sixth Amendment Rights at issue in this case, and
   c. An explanation of whether a case or controversy exists under Article III of the U.S. Constitution;

5. The United States must submit a response to Petitioners' submission within 120 days of this Order.

(Order Dated Nov. 1, 2013) [Doc. No. 34]. Sundin and Kelly filed a post-hearing memorandum on January 14, 2014, further detailing why their Motion to Unseal should be granted. (Post-Hearing Mem. in Supp. of Mot. to Unseal) [Doc. No. 37]. On January 28, 2014, the Star Tribune filed a Motion to Intervene for the Limited Purpose of Seeking Public Access to Court Records ("Mot. to Intervene") and its Motion for Access. *See* [Doc. No. 39].[1] The Court granted the Star Tribune's Motion to Intervene. (Order Dated Jan. 31, 2014) [Doc. No. 41]. The Court reserved

---

[1] Both the Motion to Intervene and the Motion for Access to Court Records were filed in Document Number 39.

determination of the Star Tribune's Motion for Access, and provided that the Motion for Access would be decided "in a manner as directed by the Court, consistent with the already established deadlines for submissions of the [P]etitioners and the United States." (*Id.* at 2).

On February 13, 2014, the Government filed its Motion for Limited Unsealing. (Mot. for Limited Unsealing). The Government explained that "[a]fter consultation with the agencies involved in this investigation, there is no longer a compelling government interest to be served by the continued sealing of the search warrants[.]" (*Id.* at 1). The relevant search warrants were issued on September 23, 2010, and each of the individual warrants was "supported by a common affidavit but a unique Attachment A and Attachment B." (*Id.*). The Government produced an unaltered copy of the common affidavit and each of the unique Attachments A and B ("Sealed Exhibit 1") for the Court's review. (*Id.* at 1–2). The Government argued that the unaltered documents in Sealed Exhibit 1 contained "the home addresses of numerous individuals and other personal identifying information including phone numbers and email addresses[,]" which the Government argues should be redacted pursuant to Federal Rule of Criminal Procedure 49.1 and the Electronic Case Filing Procedures Guide for Criminal Cases in United States District Courts. (*Id.* at 2). Given the personal information in the unaltered documents, the Government also submitted proposed redacted versions ("Sealed Exhibit 2") which it argued would "conceal from public view home addresses, phone numbers, email addresses used by various individuals, and the names of individuals who have not moved this Court to unseal." (*Id.*). Accordingly, the Government filed its Motion to Seal, seeking to keep the unaltered versions of the search warrants sealed. (Mot. to Seal); *see* (Mot. for Limited Unsealing).

Petitioners Sundin and Kelly filed a response to the Government's Motion for Limited Unsealing where they expressed their non-opposition to the "[u]nsealing of the warrant

applications and supporting affidavits, with the redaction only of personal identifying information" as they found it consistent with the relief they sought. (Petitioners Sundin and Kelly's Resp. to Mot. for Limited Unsealing) [Doc. No. 44]. The Star Tribune also filed a response to the Government's Motions for Limited Unsealing and to Seal stating its non-objection. (Star Tribune's Resp. to Gov't's Mots.) [Doc. No. 45]. The Star Tribune, however, "reserve[d] its right to possibly seek access at some future time to 'the names of individuals who have not moved this Court to unseal[.]'" (*Id.* at 1).

The Court reviewed the documents produced by the Government, which included both the unaltered (Sealed Exhibit 1) and proposed redacted versions (Sealed Exhibit 2) of the relevant search warrant documents. Upon review, the Court finds the Government's proposed redactions in Sealed Exhibit 2 "conceal from public view home addresses, phone numbers, email addresses used by various individuals, and the names of individuals who have not moved this Court to unseal[,]" as the Government suggested they would; and therefore, should be publicly filed. (Mot. for Limited Unsealing at 2).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioners Sundin's and Kelly's Motion to Unseal Case [Doc. No. 28] is **DENIED as moot**;

2. The Star Tribune's Motion for Access to Court Records [Doc. No. 39] is **DENIED as moot**;

3. The Government's Motion for Limited Unsealing of Search Warrants [Doc. No. 42] is **GRANTED** as follows:

a. The Government is ordered to publicly file the redacted documents, submitted to the Court as Sealed Exhibit 2, within seven (7) days of this Order; and

4. The Government's Motion to Seal Documents [Doc. No. 43] is **GRANTED**.

Dated: February 19, 2014

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge